IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Janet Reddy, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 2113 |
| Pentagroup Financial, LLC, a Texas limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Janet Reddy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Janet Reddy ("Reddy"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Pentagroup Financial, LLC ("Pentagroup"), is a Texas limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Pentagroup was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Pentagroup is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Pentagroup conducts extensive and substantial business in Illinois.

6. Defendant Pentagroup is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Pentagroup acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Reddy is a senior citizen with limited assets and income, who fell behind on paying her bills. After Pentagroup began trying to collect one of her delinquent bills, Ms. Reddy sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Pentagroup's collection actions.

8. Accordingly, on January 19, 2010, one of Ms. Reddy's attorneys at LASPD informed Defendant Pentagroup, in writing, that Ms. Reddy was represented by counsel, and directed Pentagroup to cease contacting her, and to cease all further collection activities because Ms. Reddy was forced, by her financial circumstances, to

refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.  Nonetheless, on February 8, 2010, a debt collector called Ms. Reddy from phone number 716-809-8048 to attempt to collect from her the debt at issue.

10.  Accordingly, on March 18, 2010, Ms. Reddy's LASPD attorney had to send Defendant another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.  All of the Defendant Pentagroup's collection actions, complained of herein, occurred within one year of the date of his Complaint.

12.  Defendant Pentagroup's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.  Plaintiff adopts and realleges ¶¶ 1-12.

14.  Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.  Here, the letter from Ms. Reddy's agent, LASPD, told Defendant to cease communications and to cease collections  (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

3

16. Defendant's violation of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant knew that Ms. Reddy was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Reddy. By directly calling Ms. Reddy, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant Pentagroup's violation of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Janet Reddy, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Reddy, and against Defendant Pentagroup, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Janet Reddy, demands trial by jury.

                      Janet Reddy,

                      By: /s/ David J. Philipps_____
                      One of Plaintiff's Attorneys

Dated: April 6, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com